UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JOHN JUNIOR GORDON,

        Petitioner,               Case No. 1:25-cv-336

v.                                          Honorable Ray Kent

NOAH NAGY,

        Respondent.
_____/

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner John Junior Gordon is incarcerated with the Michigan Department of Corrections at the Parnall Correctional Facility (SMT) in Jackson, Jackson County, Michigan. Petitioner is currently serving a sentence of 10 to 50 years imposed after a jury in the Kent County Circuit Court convicted him of one count of unarmed robbery, in violation of Mich. Comp. Laws § 750.530.[1]

This is not Petitioner's first habeas corpus action challenging this conviction and sentence. On September 23, 2021, Petitioner filed his first § 2254 petition in this Court. *See* Pet., *Gordon v. Stephenson*, No. 1:21-cv-826 (W.D. Mich.) (ECF No. 1). In an opinion and order entered on October 19, 2021, the Court directed Petitioner to show cause why his petition should not be dismissed as untimely. *See* Op. & Order, *id.* (ECF Nos. 8, 9). Petitioner filed his response on November 12, 2021. *See* Mot. & Brief, *id.* (ECF No. 10, 11). In an order and judgment entered on

---

[1] Petitioner's sentence was ordered to be served consecutively to sentences for which Petitioner was on parole when he committed the unarmed robbery. Petitioner is not challenging those other sentences in the instant petition.

November 23, 2021, the Court dismissed the petition as untimely and declined to grant a certificate of appealability. *See* Order & J., *id.* (ECF Nos. 14, 15). The United States Court of Appeals for the Sixth Circuit dismissed Petitioner's appeal for lack of jurisdiction as untimely filed in an order entered on October 24, 2022. *See* 6th Cir. Order, *id.* (ECF No. 24).

Petitioner's current petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15–17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132–33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the

one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner's prior habeas action was dismissed as untimely; accordingly, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


Dated:  March 31, 2025                    /s/ Ray Kent
                                          Ray Kent
                                          United States Magistrate Judge